SUMMARY ORDER

Jin Yan Wu, a native and citizen of China, seeks review of an August 11, 2008 order of the BIA affirming the November 8, 2006 decision of Immigration Judge (“IJ”) Robert D. Weisel, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Jin Yan Wu, No. A98 002 471 (B.I.A. Aug. 11, 2008), aff'g No. A98 002 471 (Immig. Ct. N.Y. City Nov. 8, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, this Court-reviews the IJ’s decision. See, e.g., Chun Gao v. Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).[2]
Substantial evidence supports the agency’s adverse credibility determination. Wu testified that she first started attending church services in August 2004, but that police first came to her home in March 2004. The IJ asked Wu to explain the inconsistency, noting that it “made no sense” why the police would raid her home for illegal religious activity five months before she attended church services. Wu explained that she made a mistake. Further, Wu testified that in March 2005 police came to her home, beat her father, slapped her in the face twice, and arrested her. When confronted with her asylum application, which indicated that these events took place in April 2005, and that a *46 separate event took place in March 2005, Wu testified that she forgot the police went to her house on two separate occasions and that she was confused. The IJ found her explanation “totally unreasonable and not plausible.” Contrary to Wu’s argument, no reasonable adjudicator would be compelled to credit her explanations. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). The IJ reasonably relied on these discrepancies in making his adverse credibility determination. See 8 U.S.C. § 1158(b)(1)(B)(iii); see Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-107 (2d Cir.2006) (stating that an IJ may conduct an overall evaluation of testimony in light of its rationality or internal consistency and the manner in which it hangs together with other evidence).
Ultimately, because the agency’s adverse credibility determination was supported by substantial evidence, its denial of Wu’s asylum application was not in error. See Xiu Xia Lin, 534 F.3d at 165-66. Because Wu based her claims for withholding of removal and CAT relief on the same factual predicate as her asylum claim, and the IJ properly found that this evidence lacked credibility, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Xue Hong Yang v. U.S. Dept. of Justice, 426 F.3d 520, 523 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231 (2005). See Title I, § 101(a)(3) of the Act, 119 Stat. 231, 303 (amending 8 U.S.C. § 1158); see also Xiu Xia Lin, 534 F.3d at 165.